**In the Matter of SLEEPY GIANT, INC., Debtor.**

**Bankruptcy No. 2–90–00454.**

United States Bankruptcy Court, D. Connecticut.

Oct. 5, 1990.

Janet H. Stratton, Updike, Kelly & Spellacy, P.C., Hartford, Conn., for debtor.

Danforth Cardozo, III, Sp. Asst. Atty. Gen., Vermont Dept. of Taxes, Montpelier, Vt., for State of Vt., claimant.

MEMORANDUM AND ORDER RE: MOTION OF STATE OF VERMONT FOR EXTENSION OF TIME WITHIN WHICH TO FILE PROOF OF CLAIM

ROBERT L. KRECHEVSKY, Chief Judge.

### I.

The issue before the court is the right of the State of Vermont to file a proof of

---

claim in this chapter 11 case after the expiration of the bar date for the filing of claims. The matter has been submitted on briefs only, and the following statement of facts has been culled from such memoranda and the debtor's petition.

## II.

Prior to 1989, a corporation named "Original Sleepy Giant, Inc." (hereinafter Original Sleepy Giant) had been operating a business in Vermont and, in accordance with state statute, was registered with the Vermont Department of Taxes and had received a Vermont tax number. In 1989, the debtor corporation, "Sleepy Giant, Inc.," (hereinafter debtor) became a "successor" corporation to Original Sleepy Giant and continued to do business in Vermont. The debtor failed to register as a different corporate entity with the Vermont Department of Taxes and did not receive its own tax number. Original Sleepy Giant last filed a tax return in 1988 without making payment of the indicated tax. In October 1989, the debtor sent Vermont its check in partial payment of the Original Sleepy Giant tax liability. Thereafter, the debtor made prepetition and postpetition tax payments to Vermont utilizing the tax number of Original Sleepy Giant.

On March 13, 1990, the debtor filed a chapter 11 petition in Connecticut and scheduled Vermont as a priority tax creditor in the amount of $194.67. The debtor's schedule of liabilities did not list this debt as a disputed, contingent or unliquidated debt. Vermont, as a listed creditor, received notice of the debtor's bankruptcy filing and notice of a July 17, 1990 bar date for the filing of claims. Its records showing no claim for taxes against any entity under the name of Sleepy Giant, Inc., Vermont took no action. During July 1990,

Vermont tax authorities were advised by the debtor's attorney that the debtor was Original Sleepy Giant's "successor." Believing that it has a valid tax claim against the debtor for additional unpaid taxes of Original Sleepy Giant, Vermont, on August 2, 1990, filed a "Motion for Extension of Time to File Proof of Claim." The debtor objects to the granting of this motion solely on the basis that Vermont has not established "excusable neglect" for not having timely filed its proof of claim.

## III.

### A.

▉ Bankruptcy Rule 3003(c)(3) provides, with regard to chapter 11 cases, that "[t]he court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed." I have previously ruled that where an extension of time within which to file a claim is requested after the bar date in a chapter 11 case the creditor must not only show "cause," but also "excusable neglect." *In re Century Brass Products, Inc.*, 72 B.R. 68 (Bankr.D.Conn.1987). "Excusable neglect has most frequently been defined as 'the failure to timely perform a duty ... due to circumstances which were beyond the reasonable control of the person whose duty it was to perform.'" *Id.* at 69 (citation omitted).

The debtor, based on the record provided, has conceded its liability for the tax obligations of Original Sleepy Giant. Bankruptcy Rules 1005[1] and 2002(m)[2] collectively require that the title of a case and all notices sent in connection with such case include, *inter alia*, all "names used by the debtor within six years before filing the petition." Bankr.R. 1005. The debtor's failure to comply with Bankruptcy Rule

**1.** *Rule 1005. Caption of Petition.*
The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition. If the petition is not filed by the debtor, it shall

include all names used by the debtor which are known to petitioners.

**2.** *Rule 2002. Notices to Creditors, Equity Security Holders, and United States.*

(m) *Caption.* The caption of every notice given under this rule shall comply with Rule 1005.

1005 is the dominant cause for Vermont not being aware that the debtor was, for the purpose of filing claims, the same as Original Sleepy Giant. Vermont asserts that it was misled by the incomplete title of the debtor's case, and that it diligently took steps to protect its rights as soon as it was advised of the debtor's identity. I conclude that Vermont has established cause and excusable neglect for not filing a proof of claim by July 17, 1990, and that the bar date should be extended to August 2, 1990 to allow Vermont's claim to be filed.

### B.

██ Vermont's claim, filed on August 2, 1990, properly may be considered as timely on an additional ground not addressed by the parties. Bankruptcy Rule 3003(c)(2) requires that only creditors whose claims are scheduled as disputed, contingent or unliquidated must file a proof of claim in a chapter 11 case by the bar date. Bankruptcy Code § 1111(a) provides that a listed claim, if not so scheduled, is "deemed filed." The debtor not having listed Vermont's claim as disputed, contingent or unliquidated, Vermont holds a deemed-filed claim. Vermont can assert that the claim filed on August 2, 1990 is valid as an amendment to its deemed-filed claim. *See In re Candy Braz, Inc.*, 98 B.R. 375 (Bankr.N.D.Ill.1988) (proof of claim by state taxing authority filed past bar date accepted as amendment to claim "deemed filed" pursuant to § 1111(a)).

### IV.

Vermont's motion to extend the bar date to file a proof of claim is granted. It is

SO ORDERED.