**In re Cynthia C. AVERY, Debtor.**

**Cynthia C. AVERY, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 90–00883–SWC. Adv. No. 90–0669.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

Aug. 1, 1991.

Amended Order Oct. 22, 1991.

Ralph Goldberg, Atlanta, Ga., for plaintiff.

Carl Q. Carter, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court are cross motions for summary judgment by plaintiff debtor and defendant, United States of America, for its agency The Internal Revenue Service

("I.R.S."). Plaintiff debtor seeks a determination that her pre-petition tax liability to defendant has been discharged under 11 U.S.C. § 1328(a). Defendant seeks a determination that its claim is not dischargeable on the ground that it did not receive adequate notice of defendant's Chapter 13 proceeding or in the alternative leave to file a proof of claim. This is a core proceeding under 28 U.S.C. § 157(b)(2). The court makes the following findings and conclusions.

## FACTS

The relevant facts are not in dispute. Plaintiff debtor filed her Chapter 13 petition on January 22, 1990 and scheduled the I.R.S. as a creditor with a claim for $1,802.00. Debtor's plan provided for full payment to all creditors having priority claims, which included the I.R.S. Debtor provided a mailing matrix to the court which lists the I.R.S. as follows: Internal Revenue Service, P.O. Box 47704, Doraville, Georgia 30362.[1] On January 29, 1990 the Court Clerk mailed an order and notice of the filing and other matters to creditors. The Certificate of Service attached to the order and notice did not, however, list the I.R.S. as a party to whom the notice was mailed. Debtor's plan was confirmed by order of April 24, 1990. The bar date for filing claims expired on June 12, 1990. The I.R.S. did not timely file a proof of claim in this case. There is no evidence that the I.R.S. received notice of debtor's Chapter 13 case until at least October or November 1990.

## DISCUSSION

In its motion for summary judgment the I.R.S. seeks a determination that its claim is nondischargeable. In Chapter 13, a debtor's right to discharge does not arise until the debtor has made all the payments required by the confirmed plan. 11 U.S.C. 1328(a). Ordinarily, such determinations are premature prior to full payment of the plan, although the court may hear such objection at any time if the creditor is not provided for by the plan. *United States v. Lee*, 89 B.R. 250, 257 (Bankr. N.D.Ga.1987). While the I.R.S. is provided for and bound by this debtor's plan, it has not been accorded due process notice and opportunity to participate. Although bound by and stayed during the life of the plan, the I.R.S.'s claim will not be discharged, and upon plan completion, it could pursue collection of its claim, unless permitted to file a claim herein.

As provided for by 11 U.S.C. § 1327, a debtor's confirmed plan binds the debtor and all creditors, whether or not a creditor is provided for in the plan. However, fundamental due process mandates that a creditor be given notice and opportunity to participate. In this case, although the debtor scheduled the I.R.S. without an address in paragraph 12 of her Chapter 13 statement, but properly listed the I.R.S. on the mailing matrix, for some reason not reflected in the record, the computer-generated notice to creditors did not include the I.R.S. Therefore, the I.R.S. was not given timely notice and afforded an opportunity to file a timely proof of claim.

The burden is on the debtor to insure that all creditors have been properly notified. A copy of the notice and Certificate of Service was sent to the debtor and debtor's counsel and thus put both on notice that the I.R.S. had not been given notice. At that point either debtor or counsel could have given timely notice to the I.R.S. but failed to do so. Further, Bankruptcy Rule 3004 provides that in the event a creditor does not file a claim within the period allowed, the debtor may file a claim for the creditor. Yet, neither the debtor nor debtor's counsel filed such a claim in this case. Since all creditors are bound by a confirmed plan, whether or not provided for, it would be inequitable to bar the I.R.S. from filing a proof of claim. Therefore, debtor's motion for summary judgment is denied.

Debtor's plan was confirmed by order of April 25, 1990. Thus, the debtor has submitted herself and her income to the control and the supervision of the court to

---

**1.** *In re Daniel,* 107 B.R. 798, 801–02 (Bankr. N.D.Ga.1989).

pay creditors. The plan provides for payment in full of the I.R.S.'s claim. Therefore, the allowance of the filing of a late proof of claim will not materially or adversely affect the rights of any other creditors provided for by the plan. Further, even if the court concluded the I.R.S. was not bound by the plan and, upon completion of payments by the debtor would not be discharged, the debtor could voluntarily dismiss this case, file a new Chapter 13 case properly listing and noticing the I.R.S. and bind them under a new plan. The allowance of a late proof of claim would avoid both the unwarranted expense and delay that such a resolution would involve and insure more prompt payment of debtor's creditors.

The time for filing a proof of claim under Bankruptcy Rule 3002(c) has passed and the I.R.S. does not qualify for one of the six exceptions listed in Rule 3002(c). Therefore, the court in the exercise of its equitable powers under 11 U.S.C. § 105(a) will allow the I.R.S. to file a late proof of claim. The requirement of due process provides adequate grounds for the court's exercise of its equitable discretion to permit such filing. *In re Cmehil,* 43 B.R. 404, 408 (Bankr.N.D.Ohio 1984). Accordingly it is,

ORDERED that plaintiff's and defendant's motions for summary judgment are DENIED, and it is

FURTHER ORDERED that defendant may file a proof of claim within fifteen (15) days from the entry of this order, and it is

FURTHER ORDERED that the clerk is directed to serve a copy of this order upon plaintiff's and defendant's counsel.

IT IS SO ORDERED.

### AMENDED ORDER

By order of August 1, 1991 the court considered cross motions for summary judgment by plaintiff debtor and defendant, United States of America, for its agency The Internal Revenue Service ("I.R.S."). The order denied the respective motions of the plaintiff and the defendant for summary judgment but allowed the defendant fifteen (15) days in which to file a proof of claim. In fact, the order should have denied in part and granted in part the summary judgment motion of defendant I.R.S. Accordingly, it is

ORDERED that the first and second ordered provisions of the court's order of August 1, 1991 are amended to provide that defendant's motion for summary judgment is DENIED IN PART and GRANTED IN PART so that such provisions shall read as follows:

"ORDERED that plaintiff's motion for summary judgment is DENIED; and it is

"FURTHER ORDERED that defendant's motion for summary judgment is GRANTED to the extent that the court determines that the order confirming the debtor's Chapter 13 plan did not operate as a discharge of the indebtedness to this defendant or other creditors since the issue of discharge in a Chapter 13 case is generally premature until such time as the debtor has consummated her plan, and the defendant is granted fifteen (15) days from the entry of this order in which to file a proof of claim. Defendant's motion is DENIED as to all other issues;"

The clerk of court shall serve a copy of this order on counsel for plaintiff and counsel for defendant.

IT IS SO ORDERED.