In re Harold E. **ANDERSON**, Debtor.

Bankruptcy No. 87 B 14085.

United States Bankruptcy Court,
N.D. Illinois, E.D.

Oct. 15, 1993.

Melvin James Kaplan, Kevin D. Sprow, Robert E. McKenzie, Laura Diaz, McKenzie & McKenzie, Chicago, IL, for debtor.

James Newbold, Patricia A. Marshall, Asst. Attys. Gen., Illinois Dept. of Revenue Bankruptcy Div., Chicago, IL, for Illinois Dept. of Revenue.

Jack McCullough, Chicago, IL, Chapter 13 Trustee.

### MEMORANDUM OPINION ON THE MOTION OF THE ILLINOIS DEPARTMENT OF REVENUE FOR SUMMARY JUDGMENT ON DEBTOR'S FIRST DEFENSE TO ITS CLAIM

JACK B. SCHMETTERER, Bankruptcy Judge.

Debtor Harold Anderson filed for protection under Chapter 13 of the Bankruptcy Code. The present contested proceeding comes before the Court upon cross-motions of the Illinois Department of Revenue (the "IDR") and the debtor Harold Anderson ("Anderson" or "Debtor"). Debtor filed three objections to the IDR's proofs of claim, which claims were filed herein after the bar date had passed. The Debtor filed a motion for judgment on the pleadings with respect to his first such objection. The IDR moved for allowance of its claims, and asked this Court to treat that motion as one for summary judgment with respect to the Debtor's first objection. For reasons set forth herein, (1) Debtor's first objection to the IDR's claims is overruled; (2) Debtor's motion for judgment on the

pleadings as to that objection is denied; and (3) the IDR's motion for summary judgment on the first objection is denied because it would not dispose of all objections to the claim, but undisputed facts are found under Fed.R.Civ.P. 56(d) (Fed. R.Bankr.P. 7056); and pursuant to those facts as found, the IDR motion to allow its claims to stand as timely filed is allowed.

## UNDISPUTED FACTS

On September 28, 1987, Debtor filed his petition for relief under Chapter 13 of the Bankruptcy Code. The date for the first meeting of creditors was November 9, 1987, pursuant to Fed.R.Bankr.P. 2003(a). Claims of creditors were to be filed within ninety days after the meeting of creditors, pursuant to Fed.R.Bankr.P. 3002(c). Accordingly, the bar date for filing claims was February 8, 1988.

On his bankruptcy petition, Debtor scheduled seven debts, including a $415.94 debt to the IDR. Debtor never listed the name or tax number of his former business, wherein he operated under the name "Lucky Liquors", either on the bankruptcy petition or anywhere on papers accompanying his petition. When Debtor filled out his Statement of Affairs accompanying his Chapter 13 petition, the spaces calling for such information were left blank. The Chapter 13 Statement of Affairs also asked if Debtor had been known by any other name in the past six years. Debtor indicated that he had not. Debtor did indicate on the Chapter 13 Statement that he had operated businesses, but failed to provide additional required details. In summary, he did not indicate that he had owned and run a sole proprietorship known as "Lucky Liquors".

On December 2, 1987, the IDR timely filed its original proof of claim for IL 1040 taxes assertedly due from Debtor for the years 1975, 1976, 1977, 1978, 1981, and 1982. These claims totaled $4,078.38. The IDR is the only creditor that filed a proof of claim in Anderson's bankruptcy. On December 3, 1987, this Court confirmed Debtor's Chapter 13 plan. That Plan provided for monthly payments of $481.00 to the Chapter 13 Trustee. Anderson's payments to the Trustee have since been applied to the Trustee's administrative expenses, attorney's fees, and the IDR's timely filed claim.

Before the claim bar date expired, the IDR began pursuing additional tax claims against Debtor for tax liabilities assertedly accruing while Debtor operated his business Lucky Liquors. On December 13, 1985 and on December 5, 1986, the IDR sent two demand letters to Debtor demanding unpaid taxes due from the operation of Lucky Liquors. On June 8, 1987, the IDR filed two Illinois State Court proceedings against Debtor in the Circuit Court of Cook County Illinois. In the case styled *Department of Revenue of the State of Illinois, v. Harold Anderson d/b/a Lucky Liquors*, Case No. 87 L 50622, the IDR sued Debtor for unpaid Regional Transportation Authority Tax, and other related taxes for the period of January 1981 through June 1981, in the amount of $7,545.23. Following an administrative hearing, the assessment was reduced.

In the second case, styled *Department of Revenue of the State of Illinois v. Harold E. Anderson d/b/a Lucky Liquors*, Case No. 87 L 50624, the IDR sued Debtor for unpaid Retailers' Occupation Tax/Use Tax, Municipal Retailers' Occupation Tax ("ROT/UT tax"), and related taxes in the amount of $21,435.73. The claims in the second case were based upon assessments partly based on admissions of liability in signed returns, filed but unpaid by Debtor; on liability based upon returns filed late by Debtor; and upon assessments made after a field audit.

Significantly, Debtor did not list either of the IDR's pending lawsuits or the debts claimed therein on his bankruptcy petition.

The IDR filed a motion to strike Debtor's answer in the first tax case, and filed a motion for default in both tax cases on May 16, 1988. Debtor appeared at the state court hearing, and was given 21 days to respond to the IDR's motions. After the May 16, 1988 hearing, Debtor's counsel informed the IDR for the first time that this

debtor, who had filed for bankruptcy protection, was the same person who owned Lucky Liquors.

Upon learning that this bankruptcy affected Lucky Liquors, the IDR filed two proofs of claim herein on May 19, 1988, to reflect the Debtor's unpaid ROT/UT tax and other related taxes. On October 9, 1992, the IDR filed an amended proof of claim in the amount of $23,604.00 for the ROT/UT tax. On February 16, 1993, the IDR filed another claim in the amount of $63,945.00 for the ROT/UT tax, which included interest and penalties. The breakdown of the IDR's late-filed claims is as follows: $32,644.00 for the tax, $25,050.00 for pre-petition interest, and $6,251.00 for penalties.

Debtor filed an objection and amended objection to the IDR's claims. He asserted three defenses (called "counts" in his objection) to the IDR claims. The first defense is that the IDR claims were untimely, and as such should be disallowed. The second defense is that the IDR's proofs of claim fail to state the amount of the IDR's claim as of the petition date, as required by 11 U.S.C. § 502(c). Finally, Debtor disputes the extent and priority of the IDR's claims, and asks the Court to determine the nature and amount of the claims.

On January 19, 1993, Debtor moved for judgment on the pleadings as to his first defense to the IDR claims. On February 23, 1993, the IDR filed a cross-motion to allow its claims as timely filed. On February 23, 1993, the Court entered an order, pursuant to the IDR's request, to treat its discussion of Debtor's first objection to the IDR's proofs of claim as a motion for summary judgment thereon under Bankruptcy Rule 7056. Thus, the only issue presently ready for ruling is Debtor's first defense to IDR's proofs of claim and motions with respect thereto. Should the late-filed claims be allowed to stand and be determined on their merits?

Debtor asserts several reasons why the IDR's claims should be barred for untimeliness under his first objection: (1) Bankruptcy Rule 3002 sets a time period for filing claims which has not been adhered

to; (2) the late filed claims include different types of taxes and different periods than those in the original, timely proof of claims; (3) the IDR had knowledge of the fact that they might file claims to include additional taxes and failed to disclose that fact to the Court before the bar date passed; (4) the IDR could have protected its interest by requesting leave of Court to extend the bar date, but failed to do so; (5) a majority of the IDR's late filed claims are for non-priority taxes and appear to be unsecured; (6) the IDR has improperly engaged in state court litigation against Debtor, in violation of the automatic stay, with respect to the taxes sought in the late filed claims; and (7) allowing the late filed claims would undermine the bankruptcy court's need for prompt resolution of disputes.

The IDR does not deny that the claims now in issue were filed after the bar date passed, but argues four theories for allowing its late claims. First, it requests that the Court utilize its equitable powers to allow the late claims. The IDR explains that it failed to file timely proofs of claim because Debtor did not properly disclose that he operated under other names, and failed to list his business name or tax identification number on his bankruptcy petition and schedules, as required. By the time the IDR realized that Debtor had engaged in taxable activities under the name "Lucky Liquors", the claims bar date had passed.

Second, the IDR argues that due process and notice requirements under the Constitution's Fifth Amendment require that the IDR be allowed to file its late claims. Third, the IDR argues that "cause" exists under Bankruptcy Rule 3002(c)(1), which authorizes the Court to extend the deadline for timely filed claims. Finally, the IDR cites *In re Hausladen*, 146 B.R. 557, 562 (Bankr.D.Minn.1992), for the proposition that a claim filed late under Bankruptcy Rule 3002 is not automatically disallowed under § 502.

## JURISDICTION

This matter is before the Court pursuant to 28 U.S.C. § 157, and is referred here

under Local District Court Rule 2.33. This Court has subject matter jurisdiction under 28 U.S.C. § 1334, and this is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

## DISCUSSION

### Summary Judgment Standards

■ In order for a party to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Fed.R.Civ.P. 56 (Fed.R.Bankr.P. 7056). Rule 56(c) provides in pertinent part:

> [T]he judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed.R.Civ.P. 56(c). The primary purpose for granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Farries v. Stanadyne/Chicago Div.*, 832 F.2d 374, 378 (7th Cir.1987) (*quoting Wainwright Bank & Trust Co. v. Railroadmen's Federal Sav. & Loan Assoc.*, 806 F.2d 146, 149 (7th Cir.1986)).

■ The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548–2552, 91 L.Ed.2d 265 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–586, 106 S.Ct. 1348, 1355–1356, 89 L.Ed.2d 538.

■ Fed.R.Civ.P. 56(d) provides for the situation when judgment is not rendered upon the whole case, but only on a portion thereof. Because Rule 56(d) is part of the rule entitled "Summary Judgment," the order prescribed by this rule has been referred to as "partial summary judgment." Charles Wright, Arthur Miller, & Mary Kay Kane, *Federal Practice and Procedure* § 2737 (2d ed. 1983 & Supp.1987). Partial summary judgment is available only if it is possible to dispose entirely of one or more counts of the complaint. *Biggins v. Oltmer Iron Works*, 154 F.2d 214, 216–17 (7th Cir.1946); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. 25, 28–29 (N.D.Ill.1985); *Triangle Ink & Color Co. v. Sherwin–Williams Co.*, 64 F.R.D. 536, 537–38 (N.D.Ill.1974). Thus, partial summary judgment cannot be rendered here on the IDR's motion because overruling of the first defense does not determine the other objections and permit allowance of the IDR claims on their merits.

However, Rule 56 provides a method whereby a court can narrow issues and facts for trial after denying in whole or in part a motion properly brought under Rule 56. *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 106 F.R.D. at 29. Rule 56(d) provides in part as follows:

> If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy ...

Here, facts not in controversy are set forth in the "Undisputed Facts" section hereinabove. Based thereon, Debtor's first objection to the IDR claim is by separate order overruled, and the IDR's claims are allowed to stand as timely filed, although the merits of such claims must be determined.

### Standard for Granting Judgment on the Pleadings

■ Rule 12(c) of the Federal Rules of Civil Procedure provides as follows: "After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings." A defendant's motion for judgement on the pleadings should only be granted if it ap-

pears beyond a reasonable doubt that there is no set of facts a plaintiff can prove to support his/her claim. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1204 (7th Cir.1989) (*quoting Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957)); *Susman v. Lincoln Am. Corp.*, 517 F.Supp. 931, 934 (N.D.Ill.1981). The court may not look beyond the pleadings, and all uncontested allegations to which the parties had an opportunity to respond are taken as true. In *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir.1991) (citation omitted). A Rule 12(c) motion for judgment on the pleadings may be granted only if no genuine issues of material fact remain to be resolved and the movant is entitled to judgment as a matter of law. *Alexander v. Chicago*, 994 F.2d 333, 335–36 (7th Cir.1993). As discussed below, Debtor's first objection is overruled, and so his motion for judgment thereon is denied.

### DISCUSSION

The issue presented is whether a creditor who has not received proper notice of a Chapter 13 bankruptcy filing, or notice adequate to inform it of the debtor's business, should be permitted to file a late proof of claim. The Bankruptcy Code itself does not provide a time limit within which a creditor must file a proof of claim. *In re Cole*, 146 B.R. 837, 839 (D.Col.1992) (citation omitted); *see United States v. Cardinal Mine Supply, Inc.*, 916 F.2d 1087, 1088 (6th Cir.1990). Rather, the Federal Rules of Bankruptcy Procedure fix the time limit for claims filing. Pursuant to Fed. R.Bankr.P. 3002(c), the creditor in a Chapter 13 proceeding is required to file a proof of claim within ninety days after the date first set for the meeting of creditors called under 11 U.S.C. § 341. There are several instances under Rule 3002(c) when the time for filing proofs of claim may be extended in a Chapter 13 proceeding, none of which apply to the present case. In addition, a bankruptcy judge is authorized by Fed. R.Bankr.P. 9006(b)(1) to enlarge time limitations on certain filings where the creditor has failed to file in a timely manner because of "excusable neglect." However, the language of Rule 9006(b)(3) clearly states that Rule 9006 cannot be used to expand the list of exceptions contained in Rule 3002(c).

■ The IDR first argues that the filing of late claims can be allowed "for cause" pursuant to Rule 3002(c)(1). That Rule provides:

> On motion of the United States, a state, or subdivision thereof before the expiration of such period and for good cause shown, the court may extend the time for filing of a claim by the United States, a state, or a subdivision thereof.

Fed.R.Bankr.P. 3002(c)(1). Thus, for a party to preserve its right to file a late claim and still have it deemed timely, Rule 3002(c)(1) requires that the party must move for an extension within the ninety days allowed for filing timely claims. Because the IDR failed to seek an extension of the filing date before the bar date passed, this Court lacks authority under Rule 3002(c)(1) to allow the late filing for cause.

■ Another potential basis asserted for allowing the IDR to file a late claim is the Bankruptcy Court's equitable powers. Courts have held that a Bankruptcy Judge may use equitable power to allow the filing of a late proof of claim when a creditor has not received proper notice of a bankruptcy through no fault of its own. *In re Intaco Puerto Rico, Inc.*, 494 F.2d 94 (1st Cir. 1974); *In re Harbor Tank Storage, Co.*, 385 F.2d 111 (3rd Cir.1967).

The statutory basis for the Court's equitable powers is said to be 11 U.S.C. § 105. However, § 105 is generally viewed as a source of authority to enter necessary orders only when authority to do so is otherwise found. "The statutory language [of § 105] thus suggests that an exercise of section 105 power be tied to another Bankruptcy Code section and not merely to a general bankruptcy concept or objective." 2 COLLIER ON BANKRUPTCY, ¶ 105.01 at 105–4 (15th ed. 1992).

The Seventh Circuit has reserved the question of whether a Bankruptcy Court may properly use its equitable powers to

allow the filing of late claims in a Chapter 13 case. *In re Unroe*, 937 F.2d 346, 350 (7th Cir.1991). *Unroe* did hold, however, that the Bankruptcy Court could consider equitable matters outside the scope of Fed. R.Civ.P. 15 when deciding to allow a late filed claim as an amendment to an earlier filed, timely claim. *Id.* at 349–50. In *Unroe*, the IRS sought to amend a tardy claim to a timely filed claim pursuant to Fed. R.Civ.P. 15(c). The Court reasoned that the IRS may amend a claim if it meets the Rule 15(c) standard of arising out of the same conduct, transaction or occurrence as a timely filed claim. *Id.* The Court further reasoned that amendment of claims is not allowed under Rule 15(c) if the claims arise out of different years, because separate years imply separate tax claims. *Id.* However, *Unroe* allowed amendment of the IRS's claim under the bankruptcy court's broad equitable jurisdiction. The opinion reasoned:

> Generously read, the court's power to prevent 'abuse of power' includes bending the time requirements for 'raising of an issue.' Equitable jurisdiction to permit amendments out-of-time does not conflict with, but rather fulfills, the statutory backdrop for bankruptcy proceedings.

*Id.* Pursuant to that view, the opinion upheld the Bankruptcy Court decision which considered the following equitable factors in allowing amendment of the IRS claims: (i) Unroe was not unfairly surprised by the amendment, since her schedules and her original plan included 1983 taxes; (ii) unsecured creditors would receive a "windfall" if the claims were not allowed; (iii) the government would be deprived of funds to which it would be otherwise entitled. *In re Unroe*, 104 B.R. 77, 80 (Bankr.S.D.Ind.1989). The Seventh Circuit's reasoning in *Unroe* certainly supplies authority to allow the IDR new claims to be deemed timely in light of the undisputed facts here.

In support of Debtor's position that late filed claims must not be allowed, he cites the more recent Seventh Circuit opinion in *In re Stavriotis*, 977 F.2d 1202 (7th Cir.

1992). However, *Stavriotis* is distinguishable in many respects. In *Stavriotis* the IRS sought to amend its original claim in a Chapter 11 case, pursuant to Fed.R.Civ.P. 15. The Court reasoned that disposition of a motion to amend a proof of claim is within the sound discretion of the bankruptcy court, discretion not abused thereby refusal to amend its claim. *Id.* at 1205. In *Stavriotis*, the bankruptcy court had disallowed the proposed amendment for several reasons: (1) The IRS's original claim was only about $11,000.00; (2) The IRS sought to increase its claim to over $2 million; (3) other creditors would be harmed by such amendment; and (4) the IRS offered no explanation or excuse for its failure to notify the court and other parties of its intent to increase its claim. *Id.* In the present case, this Court is not considering a motion for the IDR to amend its claim pursuant to Fed.R.Civ.P. 15. The IDR has sought leave of court to file its new claims late based on equitable and due process grounds when, through no fault of its own, it failed to receive adequate notice of the pending bankruptcy. This Court is allowing the IDR to file a late claim which will not prejudice the rights of the Debtor or any other creditors.

Some opinions allowing late filed claims, based upon equitable factors when a creditor has not received proper notice of a bankruptcy, are decided on due process grounds, provided that the creditor filed its claim immediately upon learning of the bankruptcy. *See Cardinal Mine Supply*, 916 F.2d at 1089; *In re Coastal Alaska Lines, Inc.*, 920 F.2d 1428, 1430 (9th Cir. 1990) (court held that due process did not require that the court exercise its equitable jurisdiction and allow the late filing of a claim when the creditor received sufficient, although not formal, notice of a bankruptcy before the bar date passed); *In re Avery*, 134 B.R. 447 (Bkrtcy.N.D.Ga.1991); *In re Mayville Feed & Grain, Inc.*, 123 B.R. 245 (Bkrtcy.E.D.Mich.1991). The Sixth Circuit in *Cardinal Mine Supply* recognized that a government entity is not a person entitled to due process under the Fifth Amendment. However, it held that basic principles of justice coupled with the

notice requirements of the Bankruptcy Code require that the late-filed claim of the IRS be allowed. While *Cardinal Mine Supply* was a Chapter 7 case in which the IRS was not scheduled as a creditor, its reasoning has been extended to cases considering late claims in Chapter 13 cases. *See Cole*, 146 B.R. at 841. Several authorities have held in Chapter 13 and Chapter 11 cases that due process requires allowance of late filed claims when a creditor is provided with inadequate notice of the bankruptcy and bar date. *Cole*, 146 B.R. at 841 (collecting cases); *In re Remington Rand Corp.*, 836 F.2d 825 (3d Cir.1988) (Chapter 11 case); *Reliable Elec. Co. v. Olson Constr. Co.*, 726 F.2d 620, 623 (10th Cir. 1984) (Chapter 11 case); *In re Martinez*, 51 B.R. 944, 947 (Bankr.D.Colo.1985) (Chapter 13 case); *In re Barnett*, 42 B.R. 254 (Bankr.S.D.N.Y.1984) (Chapter 13 case). The *Cole* opinion reasoned:

> [S]ection 501 gives scant protection to a creditor who fails to file a proof of claim because it was deprived of notice ... Unlike other Code chapters, no back door provisions under Chapter 13 otherwise allow the creditor with no notice to participate in distributions. For these reasons, a creditor who has received no notice in a Chapter 13 case should be entitled to file a late proof of claim notwithstanding the provisions of Bankruptcy Rules 3002(c) and 9006(b).

146 B.R. at 842. In a similar Chapter 13 case, *In re Dodd*, 82 B.R. 924 (N.D.Ill. 1987), the creditor maintained that it received inadequate notice of the bankruptcy filing. The court reasoned:

> [I]mplicit in the strict time requirements of the bankruptcy rules is the assumption that a creditor has received notice of the bankruptcy petition. The basic principles of due process—notice and the opportunity to be heard—require no less ... Indeed, courts which have faced a situation similar to the instant dispute have found that the debtor must demonstrate that notice has been provided before the Rule's time limits may be enforced.

82 B.R. at 928; *citing Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950); *New York v. New York, New Haven, and Hartford Railroad Co.*, 344 U.S. 293, 297, 73 S.Ct. 299, 301, 97 L.Ed. 333 (1953); *see In re Yoder*, 758 F.2d 1114, 1118 (6th Cir. 1985); *In re Wm. B. Wilson Mfg. Co.*, 59 B.R. 535, 538–539 (Bankr.W.D.Tex.1986).

It is true that other courts have read the Rule 3002 time limitation on filing claims strictly, without allowances for equitable considerations, even when a creditor has not received proper notice of a bankruptcy, *In re International Resorts, Inc.*, 74 B.R. 428, 429 (Bankr.N.D.Ala.1987). Courts have also reasoned that refusing to allow the filing of a late claim in Chapter 7 of a creditor who did not receive proper notice of a bankruptcy does not constitute a denial of due process because such creditor's claim is excepted from the bankruptcy discharge pursuant to § 523(a)(3). *In re Chirillo*, 84 B.R. 120, 122 (Bankr.N.D.1988). Such cases have held the time limits imposed by the bankruptcy rules are necessary to insure the swift distribution of the bankruptcy estate. *See In re Good News Publishers, Inc.*, 33 B.R. 125, 126 (M.D.Tenn.1983). However, the weight of authority has recognized, on separate theories, the authority of the bankruptcy court to allow late claims when adequate notice of the bankruptcy proceeding is not provided to allow the filing of timely claims.

Did the IDR have adequate notice of Debtor's bankruptcy? While the IDR did have notice of the Debtor's bankruptcy filing, as demonstrated by the fact that it filed a timely proof of claim, the IDR argues that it did not receive adequate notice that the Debtor had previously operated under the name of "Lucky Liquors". Such notice was essential to inform the IDR about the relevance of this proceeding to the claims for Lucky Liquors tax debts.

The burden is on Debtor to insure that all creditors have been properly notified. *In re Avery*, 134 B.R. 447, 448 (Bankr.N.D.Ga.1991). For a creditor to have "adequate notice" of the filing of a bankruptcy petition, the notice must be suf-

ficient to satisfy requirements of due process in case of private parties and fundamental fairness in the case of governments. *See, e.g., Cole,* 146 B.R. at 840. The Court must determine whether the notice given was fair and reasonable under the circumstances. *In re Daniel,* 107 B.R. 798, 801 (Bankr.N.D.Ga.1989).

The notice received by the IDR was insufficient for two reasons. First, Debtor had been served with the IDR's state court complaints involving "Lucky Liquors' " asserted liability a month before he filed his Chapter 13 petition. The claim bar date passed, and Debtor proceeded to defend the tax claims for several months before informing the IDR representatives that he had filed in bankruptcy. This demonstrates that Debtor was well aware of the claims against the business before the bar date, but failed to schedule these claims or to inform the IDR attorneys about the pending bankruptcy. Second, the IDR did not have adequate notice of the bankruptcy proceeding because the debtor made significant omissions on his filings and failed to schedule the IDR claims arising out of Lucky Liquors' business. Debtor cannot argue he is prejudiced by the delay if the IDR is allowed to file its late claims. Debtor has been on notice of the IDR's intent to file a claim against him since he received the IDR's demand letters and was served with the state court complaints. Additionally, other Chapter 13 creditors cannot be prejudiced because the IDR is the only creditor to file any proof of claim.

In final support of its equitable argument, the IDR points out that it has at all times acted diligently and in good faith. This was demonstrated by the fact that IDR filed its proofs of claim for the Lucky Liquors' tax liabilities within days of learning that Debtor, who conducted business under that name, had filed for bankruptcy.

Debtor argues that the equities do not weigh in the IDR's favor because it had adequate notice of his bankruptcy. According to Debtor, the IDR had notice that Harold Anderson and "Lucky Liquors" were the same entity for tax purposes because the captions on the state court complaints filed by the IDR listed the defendant as "Harold Anderson, d/b/a/ 'Lucky Liquors.' " That state court case name did not inform government counsel reviewing the bankruptcy of any connection between the two proceedings. Debtor has responsibility to set forth such information *in the bankruptcy proceeding.*

■ Fed.R.Bankr.P. 1005 requires that a bankruptcy proceeding title contain the tax identification number of the Debtor, and all names the Debtor has used in the past six years.[1] *In re Sleepy Giant,* 120 B.R. 6, 7 (Bankr.D.Conn.1990). Accuracy in the caption of the bankruptcy petition is of substantive importance—not a mere matter of form. *In re Austin,* 46 B.R. 358, 360 (Bankr.E.D.Wis.1985). The caption of the case informs a creditor of exactly who filed the bankruptcy, so that a creditor has opportunity to determine whether it has a claim against that Debtor's estate. *In re AM Intern. Inc.,* 142 B.R. 252, 256 (Bankr. N.D.Ill.1992).

The facts in *Sleepy Giant* are similar to those in the present case. In *Sleepy Giant,* the debtor operated a corporation registered with the state and taxing authorities as "Original Sleepy Giant, Inc." 120 B.R. at 7. The Debtor then incorporated and began doing business instead as "Sleepy Giant, Inc." *Id.* However, the Debtor failed to apply for a new tax identification number for "Sleepy Giant, Inc." or alert the tax authorities as to the successor corporation. *Id.* Subsequently, "Sleepy Giant" filed for bankruptcy, but the taxing authorities did not file proofs of claim for the outstanding "Original Sleepy Giant, Inc." tax liabilities. *Id.* The Debtor failed to list the name "Original Sleepy Giant, Inc." on its bankruptcy petition, in violation

---

1. Fed.R.Bankr.P. 1005 provides:
    The caption of a petition commencing a case under the code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition.

of Bankruptcy Rule 1005. The Bankruptcy Court held that the debtor's failure to comply with Rule 1005 was the dominant cause for the failure of tax authorities to know that the debtor was the same as the "Original Sleepy Giant." *Id.* While *Sleepy Giant* was a Chapter 11 case, and the court based its opinion on a finding that the state taxing authorities had shown "excusable neglect" for not filing its claim,[2] the reasoning of that decision supports the proposition that equities weigh against a debtor when its own omission causes injury to a creditor. That is precisely what happened here.

Debtor states that his Chapter 13 Fact Form and Fee Application filed on December 31, 1987 (before the bar date passed) also gave the IDR notice that it should file a claim for the Lucky Liquor tax liabilities. The Form provided "Business Case—Preparation more involved. In addition to personal budget, business budget also prepared." It does take considerable courage to argue that an obscure remark on a fee application can cure omissions to comply with Rule 1005. Moreover, there is no indication that the Fee Application was ever served upon the IDR. Indeed, the fact that Debtor consulted with his attorney regarding the business implications of his bankruptcy filing is a further indication that Debtor and his counsel knew that his business liabilities should have been properly scheduled. Relying on such an obscure snippet to claim proper notice upon the IDR is really grasping at straws.

In the present case, the equities clearly weigh in favor of the IDR. To hold otherwise would reward Debtor for being at least grossly careless (and indeed this record is consistent with intentional omission) in filing out his bankruptcy petition. A Debtor has an obligation to complete the bankruptcy petition thoroughly and accurately, along with the accompanying schedules. Any difficulty occasioned by Debtor's failure to do so should properly be imposed upon Debtor. In the present case, the Debtor has long been aware of the

IDR's intent to collect the Lucky Liquors tax liabilities against him. His failure to schedule those liabilities and cause proper notice to be given to the IDR was a gross abuse of the bankruptcy process.

Claims filing deadlines assist the efficient administration of bankruptcy cases and have great importance. However, the general rule against allowing late claims must yield to the principle that creditors are entitled to due process (and, in the case of government creditors, fair notice). A Debtor may not hide necessary information from its creditors until it is too late and then assert the strict requirements for timely claims. He who asserts the strictness of rules should follow the rules strictly.

The IDR did not receive notice necessary under the circumstances to appraise it of Debtor's bankruptcy in time to file timely all its claims, and the omission of such notice was Debtor's fault.

The IDR has also asked this Court to allow its claim by adopting the reasoning of *In re Hausladen,* 146 B.R. 557 (Bankr. D.Minn.1992). *Hausladen* interprets the interplay between Bankruptcy Rule 3002 and 11 U.S.C. § 502. That decision considered whether Bankruptcy Rule 3002 actually prohibits the filing of late claims in Chapter 13 cases. There is a great split of authority on this issue. In brief, *Hausladen* held that § 502 provides narrow exceptions to claims which may be properly filed in a Chapter 13. According to *Hausladen,* because a late-filed claim does not fit into any of the enumerated exceptions to allowed claims, the late claim must be allowed regardless of the limitations found in Rule 3002. *Id.* at 559–60. That opinion maintained that Rule 3002 and 11 U.S.C. § 502 can be read together to allow late-filed claims. *Id.* According to *Hausladen,* Rule 3002's designation of a claim as either "timely" or "untimely" only affects the claim's treatment under the plan, but does not determine whether a claim is allowed. *Id.*

**2.** Pursuant to Rule 9006(b)(3) excusable neglect is not allowed as an excuse for failure to file a

timely proof of claim in Chapter 13 cases. *In re Dodd,* 82 B.R. 924 (N.D.Ill.1987).

The Courts disagreeing with *Hausladen* have held that, while Rule 3002 does not expressly state that late claims are barred, it does make timely filing a procedural prerequisite to allowance of such a claim. *In re Zimmerman*, 156 B.R. 192, 198 (Bankr.W.D.Mich.1993) (collecting cases illustrating the split of authority); *In re Bailey*, 151 B.R. 28 (Bankr.N.D.N.Y.1993); *In re Rago*, 149 B.R. 882 (Bankr.N.D.Ill. 1992) (Chapter 7 case); *In re Stoecker*, 151 B.R. 989 (Bankr.N.D.Ill.1993) (Chapter 7 case). That latter position is better reasoned, but does not apply to the present case where the creditor was blocked from timely filing by Debtor's imaginative gamesmanship.

The IDR also argues in its motion to allow the late claims that Debtor's claim for a turnover of funds assertedly paid improperly to the IDR must be brought via an adversary proceeding. It is unnecessary to consider the IDR's procedural objection at this time. However, when the question must be decided, Fed.R.Bankr.P. 7001 will of course prevail.

Finally, it is tempting to pass over Debtor's argument that pursuit by the IDR of its non-bankruptcy litigation violated the automatic bankruptcy stay. It so reminds one of the defendant who did in his parents, then complained of being an orphan. Here, the non-bankruptcy litigation proceeded as long as it did because Debtor and his counsel withheld from IDR counsel for some time the connection between the claims there and this bankruptcy. One cannot hide his bankruptcy case and then complain that the deceived party violated the automatic stay.

### CONCLUSION

For the foregoing reasons, Debtor's first objection to the IDR's proofs of claim is overruled; and Debtor's motion for judgment on the pleadings is denied. The IDR's motion for summary judgment with respect to Debtor's first objection to its proofs of claim is denied because it does not dispose of the claims, but facts not contested are found to be determined under Fed.R.Civ.P. 56(d) (Fed.R.Bankr.P. 7056).

Pursuant to those facts as found, the IDR claim is allowed to stand as timely filed. The Court will proceed to set the second and third defenses on a track toward trial.