**In re Warren Allynn AUSTIN, Debtor.**

**Bankruptcy No. 84–03862.**

United States Bankruptcy Court,
E.D. Wisconsin.

Feb. 12, 1985.

Dries, DiPronio & Brennan by Mark P. Dries, Milwaukee, Wis., for debtor.

## DECISION AND ORDER

D.E. IHLENFELDT, Bankruptcy Judge.

The attorney for Warren Allynn Austin and Jean Marie Austin has filed a motion asking the court to allow a bankruptcy

petition filed by Warren to be amended so as to include Jean Marie in the petition, thereby making it a joint petition as authorized by § 302 of the Bankruptcy Code.

A petition under chapter 7 of the Code was filed on September 24, 1984, together with a "Summary Information Sheet" and a "matrix." The latter two required documents are intended to facilitate handling of the case by the clerical staff of the court. As its name implies, the Summary Information Sheet gives a capsule description of the case. The matrix or master list contains the names and addresses of creditors and other parties in interest in such fashion that they can be photostated directly onto gummed labels which in turn can be affixed to envelopes for mailing purposes. As is permitted by Bankruptcy Rule 1007(b) and (c), schedules of assets and liabilities and a statement of affairs were not filed with the petition.

The petition is captioned "Warren Allynn Austin SS: 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." At the bottom of the petition is the following declaration: "Individual: I, WARREN ALLYNN AUSTIN the petitioner named in the foregoing petition, certify under penalty of perjury that the foregoing is true and correct." Beneath the declaration are provided two lines for signatures. Warren's signature appears on the top line. His name is typed in caps directly beneath the line. The bottom line contains Jean Marie's signature, but it does not have her name typed in beneath the line.

The matrix contains Warren's name and address but makes no reference to Jean Marie. Among the items of information which the debtor's attorney is called upon to furnish in the Summary Information Sheet are the following:

Debtor's Last Name ___AUSTIN___ Joint Petition—Yes ◯
FIRST PARTY SOCIAL SECURITY NUMBER 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
SECOND PARTY SOCIAL SECURITY NUMBER _____

The form was filled in as indicated. No check mark was placed in the circle to indicate that a joint petition was being filed, and there was no social security number inserted in the space provided for the "Second Party."

On October 9, 1984, an amendment intended to add Jean Marie's name to the petition was filed. Statements of affairs, and schedules reflecting assets, liabilities and exemptions for both Warren and Jean Marie were also filed on that date, as well as an attorney's disclosure of compensation statement pursuant to Rule 2016(b). Only Warren's name appears in the caption of the attorney's statement.

As is pointed out in this court's decision in *In re Ahrendt*, 10 B.C.D. 448, 449, 28 B.R. 329 (Bankr.E.D.WI.1983).

"Historically, the date on which the bankruptcy petition is filed has been of 'pivotal importance.' 1 Collier on Bankruptcy (14th ed.) p. 86. In fact, over the years, the bankruptcy petition has been one of the few documents filed in federal court on which the hour and minute of filing are noted by the clerk. Debts incurred prior thereto, if not otherwise nondischargeable, will be discharged, and debts and obligations incurred after that moment in time, regardless of their character, will not under any circumstances be discharged. The filing of the petition activates the automatic stay of § 362(a). It is the moment which marks the line of cleavage between bankruptcy and non-bankruptcy assets—what the trustee takes for the creditors and what the debtor retains for his 'fresh start.' ... It constitutes the terminal point of time for reckoning lien and preference avoidance periods (§ 547(b)(4)), and whether a lease or executory contract remains existent for a trustee or debtor-in-possession to assume or reject."

In the case at bar, to the foregoing can be added the unusual circumstance that a decision as to when Jean Marie's petition was filed (see § 301 of the Code) will also determine the law to be applied. Congress

amended the Bankruptcy Code in 1984, the amendments being applicable to bankruptcy cases filed on and after October 9, 1984.[1]

Accuracy in the caption of a bankruptcy petition is of substantive importance—not a mere matter of form. That is why Rule 1005[2] delineates so meticulously exactly what is to be contained in the caption, in particular, "the name, social security number ... and all other names used by the debtor within six years before filing the petition." It is the caption of the case which heads the notices to creditors and informs them of exactly who it is that has filed bankruptcy. Not only does the petition filed on September 24, 1984 fail to comply with Rule 1005, so far as Jean Marie is concerned, but in fact, aside from the presence of her signature at the foot of the petition, the petition and other documents filed on September 24, 1984 consistently indicate that Warren is the sole petitioner.

The critical import of the filing of a bankruptcy petition and its effect upon the rights of others will not permit a bankruptcy petition such as was filed in this case to be treated, two weeks after the fact, as a *joint* petition.

In accordance with the foregoing decision,

IT IS ORDERED that the motion to amend the petition to add the name of Jean Marie Austin as a joint petitioner be, and the same is, hereby denied.

---

1. The Bankruptcy Amendments and Federal Judgeship Act of 1984, P.L. 98–353.

2. Rule 1005. CAPTION OF PETITION The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition. If the petition is not filed by the debtor, it shall include all names known to petitioners used by the debtor.