**In re John Leon KIRKUS, a/k/a John Lean Kirkus, John L. Kirkus, Debtor.**

**Bankruptcy No. 84–05937–SWC.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 13, 1987.

Alan Y. Saltzman, Marietta, Ga., for debtor.

## ORDER

STACEY W. COTTON, Bankruptcy Judge.

Before the court is debtor's motion to amend his Chapter 7 petition to add his spouse as joint debtor.

On December 27, 1984, the debtor, John Leon Kirkus, filed a Chapter 13 case which was converted to Chapter 7 on June 19, 1987. Thereafter, on July 9, 1987, debtor filed the present motion to amend his Chapter 7 petition to add his spouse, Geraldine Kirkus, as a joint debtor.

The issue presented here is whether an individual filing a single petition may later add the non-filing spouse in that petition as a joint debtor. A joint case may be filed by a debtor and spouse pursuant to 11 U.S.C. Section 302. The Code is silent, however, on the court's authority to retroactively convert the original single filing to a joint filing. Since commencement of the initial case constitutes an order for relief as of the filing date, permitting a spouse to later join in the original single petition might adversely affect the rights of creditors of the respective spouses' estates. Bankruptcy Rule 1015(b) permits joint administration of joint debtors with separate cases. Since joint administration may accomplish the same result, arguably such amendment should not be permitted. On the other hand, there may be some instances when a joinder by a spouse may be desirable and helpful. The court concludes that any such determination should be made on a case-by-case basis giving consideration to the protection and best interests of creditors and debtors of the separate estates.

In a situation similar to the one at bar, the court in *In re Austin,* 46 B.R. 358 (Bankr. E.D.Wisc.1985) denied debtor's motion to amend to add his wife as joint petitioner. The motion to amend was filed a little more than two weeks after debtor's original Chapter 7 filing. In denying the motion, the court emphasized the importance of the filing of a bankruptcy petition and the effect that it has on the rights of parties in interest in debtors' estates.

In the case at bar, debtor filed his Chapter 13 petition on December 27, 1984. Now almost three (3) years after the Chapter 13 filing, and more than two weeks after conversion to Chapter 7, the debtor husband seeks to change his original individual filing to a joint case by amending to add his wife, Geraldine Kirkus, as a joint debtor. Because Ms. Kirkus did not join with her husband in the original filing and due to the long delay since the original filing and the possible adverse effect on the rights of creditors of the separate estates, the court concludes that debtor, John Leon Kirkus, may not add his spouse, Geraldine Kirkus, as a joint debtor in this case.

If Ms. Kirkus desires to file a bankruptcy case, she must file a separate petition

and pay a separate filing fee. Pursuant to Bankruptcy Rule 1015(b) the court has the discretion and would be inclined to authorize, upon request and subject to objection, a joint administration of the two separately docketed cases. Accordingly, it is

ORDERED that the motion of the debtor, John Leon Kirkus, to amend to add his spouse, Geraldine Kirkus, as joint debtor is hereby DENIED.

IT IS SO ORDERED.