**In re Melvin A. WOODELL, Debtor.**

**Bankruptcy No. 88–01499–AT.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Dec. 19, 1988.

Juanuario Azaron, Vienna, Va., for debtor.

---

## MEMORANDUM OPINION AND ORDER

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On August 1, 1988, Melvin A. Woodell filed an individual chapter 13 case under Title 11 in this division. On November 9, 1988, the debtor and his nondebtor spouse, Mrs. Sandra M. Bisgood Woodell, filed a joint Motion To Amend Original Petition By Joinder Of Spouse, by which the debtor seeks to add his wife as a petitioner and thereby convert his individual case to a joint chapter 13 case. Mrs. Woodell has evidenced her consent by joining in the Motion; however, she has not commenced a case under Title 11 by filing a petition. The Motion states that the assets and liabilities scheduled on Mr. Woodell's original petition are joint assets and liabilities of both spouses, and there are no additional assets or liabilities to be added.

In support of the requested amendment the debtor's motion states:

> (3) A joint petition is allowed by 11 USC 302, and is to be used for the purposes of consolidation of estates for the benefit of Debtors and Creditors; and for the reasons that cost of administration and filing fees will be reduced.

The debtor also relies upon Local Rule 106(A), providing for the amendment of bankruptcy petitions by motion.

As previously stated, this case was initiated as an individual case under Section 301 of the Bankruptcy Code (11 U.S.C. Section 301). Section 302, a major reform provision in the Bankruptcy Reform Act of 1978 (the Code), provides for the filing of joint bankruptcy cases by spouses. This section reads:

> (a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

11 U.S.C. § 302(a) (1982).

Section 302 appears to prescribe the only manner in which a joint petition may be commenced: both spouses must file the petition concurrently. In this Court's opinion, an individual bankruptcy case filed under Section 301 cannot later become a joint case under Section 302 merely by amending the petition to add the other spouse. Instead, the other spouse must also file a petition so as to "commence" that spouse's own case.

The Court recognizes that its view may seem overly technical and that probably no harm would be done to the spouses' creditors or bankruptcy estates by granting the debtor's motion in this case. However, not only is Section 302 rather explicit on the manner of filing a joint case but there is another and more compelling reason why the granting of the debtor's motion would establish a bad precedent.

The filing date of a bankruptcy petition is of fundamental importance to the case since under various Code provisions a number of rights, obligations and deadlines are determined by that filing date. This includes such matters as the property included in the bankruptcy estate; the debts to be discharged; the scheduling of a creditors' meeting under Section 341(a); the imposition of the automatic stay; the time deadlines for filing dischargeability, lien avoidance, and preference avoidance complaints; and the time for assuming or rejecting executory contracts.

The granting of a motion to add a spouse to the individual filed spouse's petition by amendment raises serious questions related to the filing date as to the added spouse. These questions are avoided by requiring the spouse to file a separate petition as appears to be contemplated by Sections 301 and 302. In the appropriate situation the two cases can then be consolidated for joint administration upon the debtors' request.

Accordingly, the motion is denied. *See, In re Masterson,* 55 B.R. 648 (Bankr.W.D. Pa.1985); *In re Austin,* 46 B.R. 358 (Bankr.E.D.WI.1985).