**In re Steven D. SOBIN, Debtor.**

**Bankruptcy No. 89–1038–BKC–3P7.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 5, 1989.

Albert H. Mickler, Jacksonville, Fla., for debtor.

Valarie J. Hall, Jacksonville, Fla., Trustee.

Jerry Funk, Jacksonville, Fla., Chapter 13 Trustee.

## ORDER GRANTING MOTION TO CONVERT CASE TO CHAPTER 13 AND DENYING MOTION TO ADD CO-DEBTOR

GEORGE L. PROCTOR, Bankruptcy Judge.

This Chapter 7 case is before the Court upon Debtor's Motion to Convert Case to Chapter 13 and Add Co–Debtor. The motion simply states that Debtor's wife, Nancy T. Sobin, has joined the Debtor in the filing of the Schedules and is a co-obligor on the major debts involved in this case. Upon consideration of this motion, the Court finds as follows:

1. The initiation of a joint bankruptcy case is governed by the provisions of 11 U.S.C. § 302(a). That section provides:

(a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter constitutes an order for relief under such chapter.

Section 302(a) prescribes the only manner in which a joint petition may be commenced, i.e. both spouses must file the petition concurrently. It does not allow for conversion to a joint case simply by amendment to the petition. Instead, the other

484

spouse must also file a petition so as to "commence" that spouse's own case. *In re Woodell*, 96 B.R. 614 (Bkrtcy.E.D.Vir. 1988); *In re Masterson*, 55 B.R. 648 (Bkrtcy.W.D.Pa.1985); *In re Austin*, 46 B.R. 358 (Bkrtcy.E.D.Wis.1985).

2. The Court finds further that the filing date of the bankruptcy petition is of fundamental importance to the case since a number of rights, obligations, and deadlines are determined by that date. This includes such matters as the property included in the bankruptcy estate; the debts to be discharged; the scheduling of a creditors' meeting under § 341(a); the imposition of the automatic stay; the deadlines for filing dischargeability, lien avoidance, and preference avoidance complaints; and the time for assuming or rejecting executory contracts.

Although the Court recognizes that very little harm may actually occur if the motion were granted, the granting of a motion to add a spouse in this manner raises serious questions as to the appropriate filing date. These questions are avoided by requiring the spouse to file a separate petition as appears to be contemplated by §§ 301 and 302. In the appropriate situation, the two cases can then be consolidated for joint administration upon the debtors request.

3. As for the motion to convert case from Chapter 7 to Chapter 13, the Court finds that Debtor has an absolute right to convert the case to Chapter 13 pursuant to 11 U.S.C. § 706(a) and will grant the motion.

Upon the forgoing findings and conclusions of law, it is ORDERED as follows:

1. The Motion to Convert Case from Chapter 7 to Chapter 13 is GRANTED.

2. The Motion to Add Co–Debtor is DENIED.

DONE AND ORDERED.