**In re Deloach WALKER, Debtor.**

**Bankruptcy No. 94–24298–B.**

United States Bankruptcy Court,
W.D. Tennessee.

July 5, 1994.

---

Mendy M. Katzman, Memphis, TN, for debtor.

George W. Stevenson, Chapter 7 Trustee, Memphis, TN.

## OPINION DENYING DEBTOR'S MOTION TO ADD SPOUSE AS CODEBTOR

WILLIAM H. BROWN, Bankruptcy Judge.

The debtor Deloach Walker has moved the Court for an order permitting him to add his spouse Gertrude Walker to his voluntary Chapter 7 petition. The case was originally filed on May 3, 1994 and the motion to add the spouse as a codebtor was filed on May 31, 1994. The grounds stated for the motion are that the spouse has no income of her own and that no new creditors will be added to the original petition as a result of allowing the spouse to join as a codebtor. This motion was noticed to all creditors, the case trustee and the United States Trustee, and no party in interest objected to the motion. The Court is aware that it has been somewhat routine for this Court in the past to allow such motions. However, the Court has determined that such motions are not appropriate as a general rule, and the Court will deny the relief sought in the present case.

This motion was set for an opportunity for hearing on June 30, 1994, at which time the Court advised counsel for the debtor that the Court intended to deny the motion unless persuaded otherwise. The Court gave counsel an opportunity to brief the legal issue. There are no factual disputes, and the issue before the Court is one of law.

The Court has been persuaded by a recent case from Bankruptcy Judge James E. Massey that the addition of a codebtor by amendment of an original petition is not appropriate. *In re Clinton,* 166 B.R. 195 (Bankr. N.D.Ga.1994). Rather than quote extensively from that case this Court will adopt its reasoning and holding. The *Clinton* case involved a Chapter 13 debtor who moved for an order permitting her spouse to be added as an additional debtor. Judge Massey discussed the applicable law and pointed out that joint cases are provided for in 11 U.S.C. § 302(a), which provides as follows:

> A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.

Moreover, Judge Massey pointed out that § 302 does not suggest that a debtor may amend the petition to add a spouse as a codebtor and "thereby retroactively commence a case by that spouse." 166 B.R. at 196. Under Judge Massey's research, he found that every reported case dealing with such a motion denied the relief. *See* cases cited at 166 B.R. at 196. This Court also searched for and found no cases to the contrary; although, this Court suspects that many courts routinely grant such motions, as this Court has done in the past, but that they simply do not write or publish opinions granting such relief. This Court is now persuaded by the reasoning of the *Clinton* case that there are two primary reasons why such motions should not be granted.

First, there is a clear "possibility of prejudice to creditors." 166 B.R. at 197. The original case is commenced by the filing of a petition which lists the debtor and tells the creditors who the debtor is. *Id.* As in this case, a § 341 meeting of creditors is conducted and creditors have an opportunity to appear and question the debtor. By adding a spouse to that case, confusion could easily result, even if the court in adding the spouse directs that another § 341 meeting of creditors be conducted.

Secondly and primarily, there is no authority in the Code for the addition of a codebtor nor for the Court in adding a spouse as a codebtor to establish a new bar date for filing of complaints under § 727(a) or § 523(c) of the Bankruptcy Code. This lack of statutory

authority contributes to the potential for confusion and prejudice to creditors.

There is a third reason for not granting such motions and that is the imposition of additional, uncompensated case trustee duties. For example, in the present case, the case trustee has already filed his report of no distribution to creditors. It certainly may be true that the addition of Mrs. Walker would not add assets to the estate but it would require the trustee, who has completed his duties, to repeat his work by attending another § 341 meeting and then investigating whether there are assets for distribution to creditors through the addition of the spouse. Requiring this extra work of the case trustee is not justified when the case trustee would receive only one statutory fee for the original no asset case.

This Court is not finding that creditors actually would be prejudiced in the present case, but the Court does not see a legal justification for allowing the addition of a spouse in this case but then denying it in other cases. "Administrative convenience and the absence of prejudice to creditors are not relevant, however, if the Court has no power to permit the Debtor to amend the petition to add [a] spouse as a debtor." 166 B.R. at 198. In the face of the absence of statutory authority for what this debtor attempts to do, the most appropriate course for the Court to take is to deny this and all motions to add spouses as codebtors.

The *Clinton* Court also discussed Bankruptcy Rule 1009(a) which gives a debtor the right to amend a voluntary petition. This Rule could be read broadly as authority for what this debtor seeks to accomplish. But, this Court agrees with the *Clinton* Court that Rule 1009(a) should not be read to "permit an amendment to substitute a new and different debtor." 166 B.R. at 198. This is because such amendments would alter the debtor.

When this petition was filed, the debtor made a voluntary choice as to who the debtor would be, and clearly the debtor had an option at that point under § 302(a) to file a joint case with his spouse. When the debtor chose to file individually, he commenced a voluntary case under § 301 that constituted an order for relief under Chapter 7. Judge Massey discussed the implications of commencing a voluntary case under § 301 and then attempting to amend that petition by making it one under § 302. 166 B.R. at 198.

For example, the automatic stay is initiated by the commencement of the case and the order for relief. 11 U.S.C. §§ 301, 362(a). Allowing the amendment of a § 301 petition to add a spouse conflicts with the realities that the original debtor already has a bankruptcy estate with an order for relief and that the amendment to add a codebtor spouse would constitute a second commencement date with a second order for relief. Not only is there no statutory authority for such an amendment, the original debtor can not have two commencement dates and two orders for relief. As Judge Massey succinctly stated: "There is only one to a customer per case." *Id.*

The alternative for the debtor is to file a second case for the spouse. 166 B.R. at 198. That would of course require the debtor's attorney to repeat her work, but the risk more appropriately should fall upon the debtor and debtor's counsel than upon creditors, case trustee and court, who have no control over the selection of debtors in a voluntary case.

The *Clinton* Court also stated that permitting such an amendment, while it might be economical for the debtor, the debtor's spouse, the debtor's attorney and arguably for creditors in certain cases, "would create a wasteful allocation of scarce judicial resources. To permit one retroactive filing is to invite another and another. Each such filing would require a detailed analysis, as the court has done here, to determine whether the amendment would harm creditors. The cost associated with determining whether creditors are prejudiced far outweighs the meager cost savings an amendment would provide, particularly where the spouse has the alternative of filing a second petition and moving for administrative or substantive consolidation." 166 B.R. at 200.

For the foregoing reasons, the Court will deny the debtor's motion to amend his voluntary Chapter 7 petition to add his spouse as a

codebtor. This is, of course, without prejudice to the spouse filing her own case.