**In re Phillip A. ADAIR, Debtor.**

**Bankruptcy No. 97–67820.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

Aug. 25, 1997.

Edward F. Danowitz, Jr., Atlanta, GA, for Debtor.

## ORDER

MARGARET H. MURPHY, Bankruptcy Judge.

This case commenced May 1, 1997, when Debtor filed his bankruptcy petition. The petition was filed without Debtor's social security number. Bankruptcy Rule 1005 requires:

> The caption of a petition commencing a case under the Code shall contain the name of the court, the title of the case, and the docket number. The title of the case shall include the name, social security number and employer's tax identification number of the debtor and all other names used by the debtor within six years before filing the petition.

On May 7, 1997, an Order and Notice of Deficient Filing (the 'Order') was entered which noted the omission of Debtor's social security number and directed Debtor to correct the deficiency or face dismissal. On May 28, 1997, Debtor filed a response to the Order. Debtor's response set forth that Debtor had failed to include his social security number on the petition in exercise of his rights under the Federal Privacy Act and asserted that the provisions of the Federal Privacy Act supersede the provisions of the Bankruptcy Rules which require disclosure of a debtor's social security number. Debtor's response was accompanied by a brief in support of Debtor's contention that the provisions of the Federal Privacy Act prevail over the requirements of the Bankruptcy Rules.

By order entered June 17, 1997, the U.S. Trustee was invited to submit an *amicus curiae* brief in response to Debtor's legal position that debtors cannot be required to disclose their social security number. Debtor was allowed ten days to reply to any

*amicus curiae* brief filed by the U.S. Trustee. The U.S. Trustee filed its brief July 14, 1997. Debtor failed to file a reply.

## DISCUSSION

 The Federal Privacy Act, § 7 of Pub.L. 93–579, provides:

(a)(1) It shall be unlawful for any Federal, State or local government agency to deny to any individual any right, benefit, or privilege provided by law because of such individual's refusal to disclose his social security account number.

(2) [T]he provisions of paragraph (1) of this subsection shall not apply with respect to—

(A) any disclosure which is required by Federal statute, or

(B) the disclosure of a social security number to any Federal, State, or local agency maintaining a system of records in existence and operating before January 1, 1975, if such disclosure was required under statute or regulation adopted prior to such date to verify the identity of an individual.

The application of § 7 is limited to government agencies. The term "agency" is defined in 5 U.S.C. § 551(1):

(1) "agency" means each authority of the Government of the United States, whether or not it is within or subject to review by another agency, but does not include—

(A) the Congress;

(B) the courts of the United States;

(C) the governments of the territories or possessions of the United States;

(D) the government of the District of Columbia[.]

Therefore, the Federal Privacy Act does not apply to federal courts. *Standley v. Department of Justice*, 835 F.2d 216 (9th Cir.1987). More specifically, the bankruptcy court is not an agency. *Hubbard v. U.S.*, 514 U.S. 695, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995). The Bankruptcy Rules are promulgated by the U.S. Supreme Court and approved by Congress. 28 U.S.C. § 2075. The Bankruptcy Rules are enforced by the bankruptcy court.

The Federal Privacy Act is applicable neither to the U.S. Supreme Court nor to the bankruptcy court. Therefore, the Federal Privacy Act is not available to debtors to avoid disclosure of their social security numbers. The cases cited by Debtor are inapposite, as they concern application of the Federal Privacy Act to government agencies, not the courts. Additionally, the disclosure of a debtor's social security number is important to identification of debtors by creditors and to detection and prevention of bankruptcy fraud. As a result of broad-based automatization and the resulting simplification of obtaining credit checks of individuals seeking credit because such credit checks are predicated upon the customer's disclosure of a social security number, most creditors employ an individual's social security number as a primary means of identification. Disclosure of a debtor's social security number is "of substantive importance" in providing adequate notice to creditors. *In re Austin*, 46 B.R. 358 (Bankr.E.D.Wis.1985); *In re Anderson*, 159 B.R. 830 (Bankr.N.D.Ill.1993). Therefore, the failure of Debtor to disclose his social security number would support a finding of cause to dismiss Debtor's case. Accordingly, it is hereby

**ORDERED** that, within 14 days of the date of entry of this order, Debtor shall amend his bankruptcy petition to disclose his social security number and shall serve a copy of such amendment upon all creditors and parties in interest, including the U.S. Trustee. If Debtor fails to file such amendment within the time allowed, this case shall stand dismissed.