In re Shelly OLSON, aka Shelly Ioane, aka Shelly Olson–Ioane, Debtor.

Shelly Olson–Ioane; Michael Ioane, Appellants,

v.

Devin Derham–Burk, Chapter 13 Trustee, Appellee.

BAP No. NC–00–1151–KMaR.
Bankruptcy No. 99–52223–ASW.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Submitted July 20, 2000.

Filed Aug. 29, 2000.

**74**

Shelly Olson, Michael Scott Ioane, San Jose, CA, pro se.

Before: KLEIN, RUSSELL and MARLAR, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

This appeal presents the question whether a joint bankruptcy case under 11 U.S.C. § 302(a) may be commenced by amending an existing individual debtor's petition in a case commenced under 11 U.S.C. § 301. Agreeing with every bankruptcy court that has faced the question, we conclude that a joint case may not be commenced by amending a petition.

## FACTS

Shelly Olson, aka Shelly Ioane, aka Shelly Olson–Ioane ("Olson") filed a chapter 13 bankruptcy case in March 1999.

In March 2000, she attempted to amend her petition to add her spouse, Michael Ioane, as a co-debtor "or in other words mak[e] this a Jointly filed Petition."

The bankruptcy court rebuffed the attempt. This appeal ensued.

## ISSUE

Whether a joint bankruptcy case under 11 U.S.C. § 302(a) may be commenced by amending the petition in a case commenced under 11 U.S.C. § 301.

## STANDARD OF REVIEW

Construction of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure presents a question of law that we review de novo. *Yaden v. Robinson (In re Robinson)*, 241 B.R. 447, 448 (9th Cir. BAP 1999).

## JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. § 1334. We have jurisdiction under 28 U.S.C. § 158.

## DISCUSSION

Olson commenced her individual chapter 13 case as a voluntary case pursuant to Bankruptcy Code § 301. 11 U.S.C. § 301.[1]

Olson argues that she should thereafter be allowed to amend her petition so as to commence a joint case with her spouse under Bankruptcy Code § 302(a). 11 U.S.C. § 302(a).[2]

Such joint cases are to be commenced by the filing of a "single petition" by an individual and that individual's spouse. 11 U.S.C. § 302(a). Thereafter, the court is to determine the extent to which the estates are to be consolidated. 11 U.S.C. § 302(b).

There is, by rule of procedure, a general right to amend a voluntary petition "as a

---

1. Section 301 provides:

 A voluntary case under a chapter of this title is commenced by the filing with the bankruptcy court of a petition under such chapter by an entity that may be a debtor under such chapter. The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter.
 11 U.S.C. § 301.

2. Section 302 provides:

 (a) A joint case under a chapter of this title is commenced by the filing with the bankruptcy court of a single petition under such chapter by an individual that may be a debtor under such chapter and such individual's spouse. The commencement of a joint case under a chapter of this title constitutes an order for relief under such chapter.
 (b) After the commencement of a joint case, the court shall determine the extent, if any, to which the debtors' estates shall be consolidated.
 11 U.S.C. § 302.

matter of course at any time before the case is closed." Fed.R.Bankr.P. 1009(a).[3]

The question becomes whether such an amendment to a voluntary petition satisfies the "single petition" requirement of § 302. We conclude that it does not.

In holding that a Rule 1009(a) amendment cannot be used to commence a joint case under § 302(a), we join in an impressive body of trial court decisions from other circuits. *In re Walker,* 169 B.R. 391, 392–93 (Bankr.W.D.Tenn.1994); *In re Clinton,* 166 B.R. 195, 198–200 (Bankr. N.D.Ga.1994); *In re Sobin,* 99 B.R. 483, 483–84 (Bankr.M.D.Fla.1989); *In re Kirkus,* 97 B.R. 675 (Bankr.N.D.Ga.1987); *In re Woodell,* 96 B.R. 614, 614–15 (Bankr. E.D.Va.1988); *In re Austin,* 46 B.R. 358, 359–60 (Bankr.E.D.Wis.1985).

Nor have the commentators criticized this view. 1 WM. L. NORTON, JR., NORTON BANKR. L. & PRAC. 2D § 19.11 (1997).

■ We note that there is a straightforward procedure for permitting belated bankruptcy relief to a non-filing spouse. That individual is free to commence a voluntary case and then seek joint administration of the two related cases involving husband and wife as provided by Federal Rule of Bankruptcy Procedure 1015(b)(1).[4]

**3.** Rule 1009(a) provides:

(a) General Right to Amend. A voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed. The debtor shall give notice of the amendment to the trustee and to any entity affected thereby. On motion of a party in interest, after notice and a hearing, the court may order any voluntary petition, list, schedule, or statement to be amended and the clerk shall give notice of the amendment to entities designated by the court.
Fed.R.Bankr.P. 1009(a).

**4.** Rule 1015(b) provides:

(b) Cases Involving Two or More Related Debtors. If a joint petition or two or more petitions are pending in the same court by or against (1) a husband and wife, or (2) a part-

## CONCLUSION

The bankruptcy court did not err in rejecting the attempted amendment to the petition.

We AFFIRM.

nership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, the court may order a joint administration of the estates. Prior to entering an order the court shall give consideration to protecting creditors of different estates against potential conflicts of interest. An order directing joint administration of individual cases of a husband and wife shall, if one spouse has elected the exemptions under § 522(b)(1) of the Code and the other has elected the exemption under § 522(b)(2), fix a reasonable time within which either may amend the election so that both shall have elected the same exemptions. The order shall notify the debtors that unless they elect the same exemptions within the time fixed by the court, they will be deemed to have elected the exemptions provided by § 522(b)(1).
Fed.R.Bankr.P. 1015(b).