**In re Avelino Pascual MERLO, Debtor.**

**No. 00–41023 BKC–AJC.**

United States Bankruptcy Court, S.D. Florida.

Aug. 6, 2001.

Nancy N. Herkert, Hialeah, FL, Chapter 13 Trustee.

### ORDER DENYING TRUSTEE'S MOTION TO REVOKE CONFIRMATION FOR LACK OF A SOCIAL SECURITY NUMBER

A. JAY CRISTOL, Bankruptcy Judge.

**THIS CAUSE** came before the Court for hearing on May 31, 2001 upon the *Trustee's Motion to Revoke Confirmation and Dismiss Case or in the Alternative for Disclosure of Social Security Number.* The Chapter 13 Trustee seeks to have the case dismissed because Avelino Pascual Merlo ("Debtor") has not listed in his petition or schedules a social security number as required by FRBP 1005. Alternatively, the Trustee requests that the Court direct the Debtor to procure a social security number to comply with the requirements of FRBP 1005.

The problem here is the fact that the Debtor does not have a social security number. The Debtor is a citizen of Argentina, advanced in his years (over 70 years old), who owns a modest home in the Southern District of Florida. He is neither a United States citizen nor does he hold resident alien status (a green card). Under existing United States law, he is not able to obtain a social security number. Thus, the issue is whether a debtor without a social security number may file for relief under Chapter 13 of the Bankruptcy Code.

The Bankruptcy Code does not exclude debtors from bankruptcy protection simply because they have no social security number. Section 109 of the Bankruptcy Code does not require a social security number as a condition of being a debtor.[1]

Rozalyn Landisburg, Hollywood, FL, for debtor.

---

1. Section 109 sets forth who may be a debtor and states, in pertinent part:

(a) Notwithstanding any other provision of this section, only a person that resides or

Neither the Code nor the Rules anticipate or provide for a situation where a debtor without a social security number files for bankruptcy protection.

Federal Rule of Bankruptcy Procedure 1005 requires a debtor to list a social security number in the bankruptcy petition. The Rule does not address the situation where a debtor without a social security number files a bankruptcy petition. Debtors must comply with the Federal Rules of Bankruptcy Procedure; but, as in this case, where compliance is impossible, do the Rules prevent Mr. Merlo from being a debtor? I think not.

 The Trustee cites three (3) cases to support her contention that debtors must disclose a social security number upon filing. *In re Adair*, 212 B.R. 171 (Bankr.N.D.Ga.1997), *In re Austin*, 46 B.R. 358 (Bankr.E.D.Wis.1985), and *In re Anderson*, 159 B.R. 830 (Bankr.N.D.Ill. 1993). None of the cases address the issue before the Court. In two of the cases, *Adair* and *Austin*, the debtors had social security numbers and chose not to disclose them to the court. Both courts held that providing a social security number is of substantive importance and not a matter of form. This Court agrees with the holding in those cases; if a debtor has a social security number, FRBP 1005 requires that number to be disclosed. However, the foregoing cases do not address the circumstance where the debtor does not have a social security number.

In *Anderson*, the debtor did not list his tax identification number and other aliases used by him. The court held that, pursuant to FRBP 1005, such information was required to be disclosed to provide notice to the creditors as to the identity of the debtor. The court held that the proper identification of the debtor "informs a creditor of exactly who filed the bankruptcy, so that a creditor has opportunity to determine whether it has a claim against that Debtor's estate." 159 B.R. at 838 citing *In re AM Intern. Inc.*, 142 B.R. 252 (Bankr.N.D.Ill.1992). The necessity of providing creditors with a social security number for identification purposes is obvious, but this case also does not address a situation where the information is not available because it is non-existent.

The Trustee, relying on 11 U.S.C. § 342(c) and FRBP 2002(n), argues that failure of the Debtor to provide a social security number results in the creditors having insufficient information to identify the Debtor.[2] The Court disagrees. Section 342(c) of the Bankruptcy Code and FRBP 2002(n) mandate that notice to creditors include the debtor's name, address and tax identification number, i.e. social security number. However, where notice fails to contain the foregoing information, the language of 11 U.S.C. § 342(c) specifically provides that the legal effect of the notice shall not be invalidated. So too, the Court believes that if a debtor does not have a social security number to list, it does not prevent the petitioner from being a debtor under the Code.

 The Court recognizes that providing a social security number is not just a matter of form but is of substantive importance because it notifies the creditors of

has a domicile, a place of business, or property in the United States, or a municipality, may be a debtor under this title.

**2.** Federal Rule of Bankruptcy Procedure 2002(n) incorporates the provisions of 11 U.S.C. § 342 and FRBP 1005, stating "[t]he caption of every notice given under this rule shall comply with Rule 1005. The caption of every notice required to be given by the debtor to the creditor shall include the information required to be in the notice by § 342(c) of the Code."

exactly who the debtor is. *See Adair*, 212 B.R. 171 and *Austin*, 46 B.R. 358. However, failure to provide a social security number where one does not exist does not prevent a creditor from identifying a debtor. Creditors will be able to adequately identify a debtor without a social security number through other data relating to contact with the Debtor. Since the creditor never had the number when extending credit, it would not be of any meaning to see a social security number on a petition.

██ Neither the Code nor the Rules require a debtor to obtain a social security number where one does not exist and especially where it is impossible to obtain the number.

The bankruptcy judges in this district have contemplated this precise circumstance and are in the process of drafting and promulgating a local rule which would require a debtor who does not have a social security number to file an affidavit attesting to that fact.

The Court finding that no interested parties in this case will be prejudiced by allowing the Debtor to file for bankruptcy protection without providing a social security number, it is

**ORDERED** that the *Trustee's Motion to Revoke Confirmation and Dismiss Case or in the Alternative for Disclosure of Social Security Number* is **DENIED**.