### In re Harold Arlin BUERMAN, Debtor.

### No. 5:03–BK–74382.

United States Bankruptcy Court,
W.D. Arkansas,
Fayetteville Division.

July 23, 2003.

Michael C. Lea, Pearson Law Firm, Fayetteville, AR, for Debtor/Interested Party.

Joyce Bradley Babin, Chapter 13 Trustee.

## ORDER DENYING MOTION TO ADD JOINT DEBTOR

RICHARD D. TAYLOR, Bankruptcy Judge.

Pending before the Court is the debtor's motion to add a joint debtor filed on July 15, 2003, to amend his voluntary petition to include his wife as a joint debtor. The debtor seems to rely on Federal Rule of Bankruptcy Procedure 1009(a), which provides for a general right to amend a voluntary petition as a matter of course at any time before the case is closed.

11 U.S.C § 302 provides for a joint petition with the debtor's spouse. However, the language of § 302 states that a joint case is commenced by the filing of a single petition. Courts have recognized the plain language of § 302 to come to the conclusion that "nothing in section 302 suggests that a debtor may amend a petition to add a spouse as a debtor and thereby retroactively commence a case for that spouse."

**10.** *In re Duncan,* 245 B.R. 538, 541 (Bankr.    E.D.Tenn.2000).

*In re Clinton*, 166 B.R. 195, 196 (Bankr. N.D.Ga.1994).

Courts have refused to apply a broad construction of Rule 1009(a) and have denied this type of amendment citing two primary concerns: (1) the prejudice to creditors, and (2) the absence of any clear authority to permit such an amendment. *Id.* at 197. The possibility of prejudice to the creditors exists because "[a]dding a spouse as a debtor may in some cases result in delay and confusion ... adversely affect[ing] a creditor's strategy to collect the debt." *Id.* Furthermore, undertaking a broad wording of Rule 1009(a) to interpret § 302 as permitting the "single petition" to include an amendment that adds a spouse is inconsistent. It is more consistent with the concepts expressed in §§ 301 and 302 and the courts' interpretation of the limited purpose of Rule 1009(a), as it applies to the amendment of petitions, not to rely on a broad reading of Rule 1009(a) and conserve judicial resources without denying relief to the spouse. *Id.* at 199.

In addition to the concerns listed above, granting a motion to add a spouse in this manner raises serious questions as to the appropriate filing date. *In re Sobin*, 99 B.R. 483, 484 (Bankr.M.D.Fla.1989). To avoid these issues, a straightforward procedure for permitting belated bankruptcy relief to a non-filing spouse is available: "[t]hat individual is free to commence a voluntary case and then seek joint administration of the two related cases involving husband and wife as provided by Federal Rule of Bankruptcy Procedure 1015(b)(1)." *Olson–Ioane v. Derham–Burk (In re Olson)*, 253 B.R. 73, 75 (9th Cir. BAP 2000).

For the reasons stated above, the debtor's motion to add a joint debtor is denied.

IT IS SO ORDERED.