**In the Matter of David Randall BRADLEY, Debtor.**

**No. 05–50394 HCD.**

United States Bankruptcy Court, N.D. Indiana, South Bend Division.

Dec. 15, 2005.

George R. Livarchik, Esq., Livarchik & Farahmand, Chesterton, IN, for debtor.

## MEMORANDUM OF DECISION

HARRY C. DEES, JR., Chief Judge.

Before the court, in this voluntary chapter 7 bankruptcy of David Randall Bradley ("Bradley"), are two Orders to Show Cause and a Motion entitled "Debtor Donald Lee Austin's Motion to Substitute Voluntary Chapter 7 Petition and for Order Confirming the October 15, 2005 Filing of Debtor Donald Lee Austin's Voluntary Chapter 7 Petition, and for Order Transferring Case Back to Hammond Division" ("Motion"). The Motion was filed on November 18, 2005. See R. 10. It was filed in response to the court's first Order to Show Cause, in which the court ordered the debtor Bradley to appear and show cause for filing a duplicate case. See R. 7, Order of November 3, 2005. Upon receipt of the Motion, the court then entered its second Order requiring Bradley to show cause in writing why the Motion should not be stricken. See R. 11, Order of November 29, 2005. Bradley filed a Response to the second Order to Show Cause on December 1, 2005, and a hearing on the pending matters was held on that day. For the reasons that follow, the court now denies the Motion and dismisses this case, Case Number 05–50394, as a duplicate case filing.

### Jurisdiction

Pursuant to 28 U.S.C. § 157(a) and Northern District of Indiana Local Rule 200.1, the United States District Court for the Northern District of Indiana has referred this case to this court for hearing and determination. After reviewing the record, the court determines that the matter before it is a core proceeding within the meaning of § 157(b)(2)(A) over which the court has jurisdiction pursuant to 28 U.S.C. §§ 157(b)(1) and 1334. This entry shall serve as findings of fact and conclusions of law as required by Federal Rule of Civil Procedure 52, made applicable in this proceeding by Federal Rule of Bankruptcy Procedure 7052. Any conclusion of law more properly classified as a factual finding shall be deemed a fact, and any finding of fact more properly classified as a legal conclusion shall be deemed a conclusion of law.

### Background

■ The underlying facts in this case are undisputed. David Randall Bradley signed a voluntary chapter 7 bankruptcy petition on September 26, 2005. His attorney, George Livarchik, Esq., also signed it on that date. The attorney, who had completed the attorney training program to use the court's electronic case filing system ("ECF") and was an official ECF registered user, then filed the petition electronically, on behalf of the debtor Bradley, and paid the $209.00 filing fee on October 10, 2005.[1] The case was assigned Case Number 05–37465.

---

1. At the hearing, it became clear that Attorney Livarchik's secretary, not the attorney himself, electronically filed the bankruptcy cases in the bankruptcy court. However, just as

On October 15, 2005 (just before the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ["BAPCPA"] became effective on October 17, 2005), Attorney Livarchik electronically filed many other voluntary petitions to the United States Bankruptcy Court for the Northern District of Indiana, Hammond Division ("Hammond Court"). One of the cases that the attorney intended to file was that of Donald Lee Austin ("Austin") of Porter, Indiana. The Hammond Court initially received the filing captioned "Donald Lee Austin" at 12:54 p.m. on October 15, 2005. It assigned the filing an identification number, Case Number 05–68423, and notified Mr. Livarchik that the transaction was received. However, attached as a PDF (Portable Document Format) document to the file captioned "Austin" was the petition of David Randall Bradley of Rolling Prairie, Indiana. Therefore, even though Austin was the intended debtor, the Hammond Court received Bradley's petition.[2]

The case administrator who examined the electronically filed petition noticed that the debtor resided in Rolling Prairie, Indiana, and therefore came under the jurisdiction of the South Bend Division ("South Bend Court"). *See* N.D. Ind. L.B.R. B–5005–2(a).[3] On October 17, 2005, therefore, the Hammond Court entered an Order Transferring Case to the South Bend Court. The case was transferred exactly as it was received: with the caption of Donald Lee Austin but with the attached petition of David Randall Bradley. The South Bend Court assigned it a new case number, Case No. 05–50394. Because the case caption on the PDF file did not correspond with the chapter 7 petitioner's name on the docket, the South Bend Court modified its case information to match the voluntary petition and the Hammond Court amended the Order Transferring Case to correct the case name caption. *See* R. 4.

clients are held accountable for the acts and omissions of their attorneys, *see Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993), so too attorneys are held accountable for the acts and omissions of their secretaries and other staff members to whom responsibilities are delegated. *See In re Kmart Corp.*, 381 F.3d 709, 715 (7th Cir.2004), *cert. denied*, 543 U.S. 1056, 125 S.Ct. 933, 160 L.Ed.2d 780 (2005) (upholding bankruptcy court's placement of responsibility on the attorney who left the filing until the latest possible moment and who delegated mailing responsibility to a clerk and did not follow up to ensure that proper procedures were used).

2. When an attorney opens a bankruptcy case in ECF, he begins by filling in the data that will appear as the docket in the case. He inputs specific information about the debtor and the chapter of bankruptcy chosen. At Step 13 of the Attorney Manual, available on the court's website, he selects a PDF document or documents associated with this bankruptcy case—the voluntary petition, statement of financial affairs, schedules, etc. He is re-

minded, in the directions, to verify the contents of the document to determine that it is the correct file. He is given the opportunity to modify the docket text and to change or correct the documents included in the PDF file. At Step 17, the Manual notes, in bold print: "NOTE: *This is the last opportunity to make any changes before the case is officially opened.*" After that step, the document is transmitted to the court, a case number is assigned, the electronic payment is made, and the Notice of Electronic Filing is sent to the attorney, verifying that the transaction was electronically sent to the court's database and that the petition is now an official court document.

3. Local Rule N.D. Ind. L.B.R. B–5005–2(a) states:

All petitions, schedules, statements, pleadings and other documents required by the bankruptcy court to commence a case shall be filed with the clerk for the division of the district where the domicile, residence, or principal assets of the debtor have been located for such a period of time as required by 28 U.S.C. § 1408.

On November 3, 2005, the court issued an Order to Appear and Show Cause at a hearing to be held on December 1, 2005. It stated that Bradley, by counsel, had filed a voluntary chapter 7 petition on October 10, 2005 (Case No. 05–37465), and had filed a second voluntary chapter 7 petition on October 15, 2005 (Case No. 05–50394). Because the second petition was a duplicate case, Bradley was ordered to show cause why the duplicate case should not be dismissed. *See* R. 7.

In response, on November 18, 2005, Austin, by counsel, filed a Motion entitled "Debtor Donald Lee Austin's Motion to Substitute Voluntary Chapter 7 Petition and for Order Confirming the October 15, 2005 Filing of Debtor Donald Lee Austin's Voluntary Chapter 7 Petition, and for Order Transferring Case Back to Hammond Division." *See* R. 10. In the Motion, Austin's counsel asserted that his secretary electronically had filed 30 bankruptcy cases on October 14 and 15, 2005, and that the bankruptcy court had confirmed that Austin's case was filed. He insisted that it was "physically impossible for the two files [Austin's and Bradley's] to have intermingled during scanning." *Id.* at 3. He asked the court to confirm that Austin's bankruptcy case, not Bradley's, was filed on October 15, 2005.

Upon receipt of the Motion filed in Case Number 05–50394, the court found that the Motion's caption, "In re Donald Lee Austin," was the wrong caption; Case Number 05–50394 was assigned to debtor David Randall Bradley. On November 29, 2005, it ordered the debtor Bradley to show cause why the motion should not be stricken. *See* R. 10. On December 1, Bradley, by counsel, responded to the Order by refiling the Motion with only one change: The caption was rewritten as "In re David Randall Bradley." *See* R. 12. However, in every other way the response was a duplicate of the original Motion. It was brought by "Debtor Donald Lee Austin, by counsel George R. Livarchik," and it sought confirmation that Austin's case, not Bradley's, was filed on October 15, 2005. *Id.* at 1, 3.

On December 1, 2005, the court held a hearing on the Order to Show Cause. Attorney Livarchik described in detail the procedure that he (that is, his secretary) used for filing 30 bankruptcy cases on October 14 and 15, 2005. One of those filings was intended to be for Austin, he said. He acknowledged, however, that the Austin case, when it was received in the clerk's office, had as an attachment the chapter 7 petition of Bradley, not of Austin. Although he could not understand how that mix-up occurred, he admitted that the court did not receive the Austin bankruptcy petition. Moreover, Attorney Livarchik recognized that, because the case was transferred to South Bend, which was the proper venue for Bradley, a resident of Rolling Prairie, Indiana, there now were two cases open in South Bend for Bradley, each with a paid filing fee and a separate case number. He commented that "he [Bradley] doesn't need two. He was done and taken care of on October 10th."

Attorney Livarchik asserted that there was good cause to treat Austin's petition as properly and timely filed. First, he believed that he had attached the Austin petition to the case filed under the name of Donald Lee Austin. Second, he stated that Austin, if required to file anew under the bankruptcy law BAPCPA that went into effect on October 17, 2005, would not satisfy the means test under the new law. Attorney Livarchik readily admitted that he did not understand about the PDF filings that his secretary transmitted; however, the Notice he received from the clerk's office indicated that a filing for

Austin was received on October 15, 2005. He urged the court to find that he had shown good cause and equitable grounds to allow the substitution of Austin's petition for Bradley's.

Attorney Livarchik had subpoenaed a representative from the Office of the Clerk to testify. Kathy L. Brown, the Division Manager for the South Bend Clerk's Office, explained that, when the purported Austin case was transferred from the Hammond Court to the South Bend Court on October 17, the caption of the case was "Donald Lee Austin" but the voluntary petition attached to it was that of David Randall Bradley. She testified that the office procedure was to change the docket information to match the PDF attachment. It was the PDF document, the Petition, that governed the case, she said. Because the clerk's office electronically received the voluntary petition of Bradley, not Austin, the case became Bradley's. After her testimony, the court took the matter under advisement.

### Discussion

This court, like all bankruptcy courts around the United States, has issued an administrative order authorizing the electronic filing of documents pursuant to Rules 5(e) and 83 of the Federal Rules of Civil Procedure and Rules 5005(a)(2), 9011, 9029, and 9036 of the Federal Rules of Bankruptcy Procedure. The court has accepted the electronic filing of documents by way of its Electronic Case Filing System ("ECF" System) since September 3, 2002. Under the present Fifth Amended Order Authorizing Electronic Case Filing, which became effective on September 22, 2005, attorneys admitted to the bar of this bankruptcy court are Registered Users of the court's ECF System upon the successful completion of the court's training program and the provision of a credit card authorization for the payment of filing

fees. *See* Fifth Amended Order, ¶ 3. Attorney Livarchik, a Registered User since his training on January 16, 2004, has filed his documents electronically. He knows, therefore, that "[a]ll electronic filings, except the matrix of creditors and parties in interest ..., must be submitted as portable document format (PDF) documents and formatted in accordance with the requirement of local rule N.D. Ind. L.B.R. B.–5005–2(a)." *Id,* ¶ 18; *see also In re Sands,* 328 B.R. 614, 617 (Bankr.N.D.N.Y. 2005) (explaining an attorney's filing process).

 Bankruptcy attorneys are bound by the ECF administrative procedures and by the documents they file through the ECF system. In this case, even though the data filled in on October 15, 2005, by Attorney Livarchik was information about Austin, the crucial document filed on that date was Bradley's chapter 7 petition. The bankruptcy case was triggered by the filing of the bankruptcy petition, not by the entry of the docket information input by the attorney. *See In re Sands,* 328 B.R. at 617 ("Under Code § 301, a debtor commences a voluntary bankruptcy case by filing a bankruptcy petition with the bankruptcy court."). The debtor who filed the petition and placed his signature on it, indicating that he consented to the bankruptcy filing and that the information contained in the petition was true and correct, was Bradley, not Austin. As Ms. Brown so succinctly testified at the show-cause hearing, the petition governs the case. Moreover, once Mr. Livarchik moved past "the last opportunity to make changes" and submitted Bradley's petition in PDF as the official court document, he was bound by that petition. This court's Fifth Amended Order Authorizing Electronic Case Filing states:

The electronic filing of a document in accordance with the court's ECF proce-

dures shall constitute entry of the document on the docket and records kept by the clerk under Fed. R. Bankr.P. 5003. When a document has been filed electronically, the official record is the electronic recording of the document as stored by the court, and *the filing party is bound by the document as filed.*

Fifth Amended Order, ¶ 9 (emphasis added). Accordingly, it is Bradley's, not Austin's, voluntary chapter 7 petition that Attorney Livarchik filed on October 15, 2005. There is no petition on file for Austin. Consequently, the motion to confirm that Austin's petition was filed on October 15, 2005, must be denied as being without merit.

■ The court finds equally meritless the attorney's request to substitute Austin's unfiled petition for Bradley's filed petition. Just as courts have rejected attempts to amend an individual petition to add a spouse as a debtor, *see, e.g., Olson–Ioane v. Derham–Burk (In re Olson)*, 253 B.R. 73, 75 (9th Cir. BAP 2000) (citing cases), so too the court must reject this attempt to substitute one debtor (without a petition on file) for another debtor (whose petition was properly filed). It may be appropriate to allow an amendment of a bankruptcy petition to correct a mistake, for example by substituting the correct name for a misnamed debtor, *see Waterside Apartments, Inc. v. Havee (In re R.S. Grist Co.)*, 8 B.R. 790, 793 (Bankr.S.D.Fla. 1980), when the substitution makes no change in the cause of action or in the real parties. However, Attorney Livarchik asks the court to substitute a different real party, Austin, for Bradley, the debtor whose petition was attached as a PDF document. The court denies the Motion to Substitute Austin's petition for Bradley's petition.

It is instructive to recognize that a "case filed electronically is no different from a paper case filed in person at the counter." *In re Wenk,* 296 B.R. 719, 724 (Bankr. E.D.Va.2002). If Attorney Livarchik had come in person to the clerk's office of the bankruptcy court and had stated that he wanted to open a chapter 7 case on behalf of Austin, and then had presented the chapter 7 petition of Bradley, the deputy clerk would not have permitted him to open a case for Austin. The attorney would have been able to open a case for Bradley, however, by filing Bradley's petition. This case is not different. The only petition presented to the court on October 15, 2005, and filed as an official court document, was Bradley's.

■ The court now considers the Motion's request for the case to be transferred back to the Hammond Court. Austin's residence in Porter, Indiana, was within the jurisdiction of the Hammond Court; Bradley's residence in Rolling Prairie, Indiana, was within the jurisdiction of the South Bend Court. When a bankruptcy case is filed, the venue is presumed to be proper. *See In re Peachtree Lane Assocs., Ltd.,* 150 F.3d 788, 792 (7th Cir.1998). Once the Hammond Court realized, however, that South Bend was the proper venue for Bradley, whose petition was filed by Mr. Livarchik in this case, the case then was properly transferred to the South Bend Court. *See* 28 U.S.C. § 1406; Fed. R. Bankr.P. 1014; *In re Blagg,* 215 B.R. 79, 81 (Bankr.N.D.Okla.1997) (finding that, when a debtor files a bankruptcy petition in the wrong district, the court must dismiss or transfer the case). The Motion to transfer the case, which is still Bradley's case, back to the Hammond Court is denied.

At this point, however, Bradley has two filed petitions in the South Bend Court, Case Numbers 05–37465 and 05–50394. As a result, there clearly are duplicate filings for the same debtor. Attorney Li-

varchik recognized that Bradley did not need two bankruptcy cases. The court finds that the second case, filed on October 15, 2005, was a duplicate of the one filed on October 10, 2005, and must be dismissed.

 The court recognizes that Attorney Livarchik did not intend to file two Bradley cases. The attachment of the wrong PDF file is an understandable mistake, particularly when the attorney was filing 30 cases two days before BAPCPA became effective. However, it is not a mistake caused by the court, such as a lack of notice or an ECF error. Nor is it due to the attorney's (or his secretary's) lack of proficiency with the court's ECF System. It appears that Mr. Livarchik's other ECF filings were successful. In this case, the error could have been discovered during the ECF procedure, if the contents of the PDF document had been verified to determine that it was the correct file. It also could have been detected after the attorney received the Notice of Electronic Filing: The opening of the newly filed case with the hyperlink provided in the Notice would have revealed that the wrong debtor's petition had been attached to the filing. The attorney's failure to match the bankruptcy petition to the data input for the intended filer, Austin, cannot be found to be excusable neglect. *See Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship,* 507 U.S. 380, 396–97, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993).

*Conclusion*

For the reasons presented above, the Motion as refiled, with the correct caption for Case Number 05–50394, and entitled "Debtor Donald Lee Austin's Motion to Substitute Voluntary Chapter 7 Petition and for Order Confirming the October 15, 2005 Filing of Debtor Donald Lee Austin's Voluntary Chapter 7 Petition, and for Order Transferring Case Back to Hammond Division," is denied. In addition, the second filed voluntary chapter 7 bankruptcy case of David Randall Bradley, Case Number 05–50394, is dismissed as a duplicate filing.

SO ORDERED.